IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

ANDRE DENTLEY )
 )
    v. ) NO. 3:15-0831
 )
MAYOR KARL DEAN, et al. )

TO:    Honorable Todd J. Campbell, District Judge

**REPORT AND RECOMMENDATION**

By Order entered July 31, 2015 (Docket Entry No. 3), the Court referred this action to the Magistrate Judge to enter a scheduling order, to dispose or recommend disposition of any pretrial motions under 28 U.S.C. §§ 636(b)(1)(A) and (B), and to conduct further proceedings, if necessary, under Rule 72(b) of the Federal Rules of Civil Procedure, and the Local Rules of Court.

For the reasons set forth below, the Court recommends that this action be dismissed.

**I. BACKGROUND**

Andre Dentley ("Plaintiff") filed this lawsuit *pro se* and *in forma pauperis* on July 28, 2015, while confined at the Robertson County Jail. He seeks monetary relief under various federal statutes for alleged violations of his constitutional rights. *See* Complaint (Docket Entry No. 1). Specifically, he alleges that Metro-Nashville Police Department officer Barry Demonbreun ("Demonbreun" or the "Defendant") used unreasonable and excessive force against him when Demonbreun shot him during the course of arresting him in January 2015. *Id.* By the order of referral, process was issued

to Defendant, but Plaintiff's claims against City of Nashville Mayor Karl Dean, Metro Police Chief Steve Anderson, and the Metropolitan Police Department were dismissed. *See* Docket Entry No. 3 at 2. Defendant answered the complaint, and a scheduling order was entered setting out deadlines for pretrial proceedings in the action. *See* Docket Entry Nos. 11 and 13.

On November 13, 2015, Defendant filed a motion for judgment on the pleadings arguing that he is entitled to qualified immunity from any liability in this action. By Order entered November 8, 2015 (Docket Entry No. 21), the Court advised Plaintiff of the motion and the need to respond and set a deadline of January 8, 2016, for Plaintiff to file a response. Upon Plaintiff's failure to respond to the motion, Defendant filed a motion for entry of an order granting him judgment. *See* Docket Entry No. 24. Plaintiff failed to respond to this motion, and the Court entered a second order advising Plaintiff of his need to respond to the Defendant's motions. *See* Docket Entry No. 26. In its order, the Court specifically advised Plaintiff as follows:

> Accordingly, by April 15, 2016, Plaintiff shall file a response to Defendant Demonbreun's pending motion for judgment on the pleadings and to (sic) address the issue of qualified immunity. Plaintiff has the ultimate burden of proof to show that Defendant Demonbreun is not entitled to qualified immunity. *Wegener v. City of Covington*, 933 F.2d 390, 392 (6th Cir. 1991). Plaintiff is warned that his failure to comply with this Order and to file a response as directed by the Court will result in a recommendation that this action be dismissed under Rule 41(b) of the Federal Rules of Civil Procedure. *See Carter v. City of Memphis, Tennessee*, 636 F.2d 159, 161 (6th Cir. 1980).

*Id*. at 1-2. Plaintiff has not responded to either the Court's Order or Defendant's motions.

## II. CONCLUSION

It is well settled that federal trial courts have the inherent power to manage their own dockets, *Link v. Wabash R.R.*, 370 U.S. 626, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1961), and Rule 41(b) of the

Federal Rules of Civil Procedure permits the Court to dismiss an action upon the showing of a clear record of delay, contumacious conduct, or failure to prosecute by a plaintiff. *See Bishop v. Cross*, 790 F.2d 38 (6th Cir. 1986); *Patterson v. Township of Grand Blanc*, 760 F.2d 686, 688 (6th Cir. 1985) (*per curiam*); *Carter v. City of Memphis, Tennessee*, 636 F.2d 159, 161 (6th Cir. 1980). Additionally, Rule 16(f)(1) of the Federal Rules of Civil Procedure provides that "on motion or on its own, the Court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party . . . (C) fails to obey a scheduling or other pretrial order." Pursuant to Rule 37(b)(2)(A)(v), the Court may dismiss an action as a sanction.

Plaintiff's failure to respond to either of Defendant's motions and his failure to comply with the Orders of the Court warrants the dismissal of this action. Despite having approximately five months to respond to Defendant's dispositive motion, and despite the explicit warning from the Court of the consequence of not filing a response, Plaintiff has not responded in any manner. His failure to file a response indicates that he has lost interest in prosecuting his claims. This Court is flooded with actively litigated lawsuits that require the time and attention of the Court, and dismissal of this action with prejudice is appropriate in light of the needless expenditure of resources by both the Court and Defendant caused by Plaintiff's conduct.

Although the Court recognizes Plaintiff's status as a *pro se* litigant, proceeding *pro se* does not relieve a litigant from the basic obligations required of all parties with respect to litigating their cases and complying with the orders of the Court. *See Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991); *Davis v. Bilbrey*, 2012 WL 2947587 (M.D. Tenn. July 19, 2012) (Haynes, J.) (*pro se* plaintiff's failure to respond to discovery requests and adhere to court imposed deadlines warranted

3

sanction of dismissal); *Hanners v. Jones*, 2007 WL 2710694 (M.D. Tenn. Sept. 13, 2007) (Nixon, J.) (same).

## RECOMMENDATION

Accordingly, the Court respectfully RECOMMENDS that this action be DISMISSED WITH PREJUDICE under Rule 41(b) of the Federal Rules of Civil Procedure because of Plaintiff's failure to prosecute.

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of receipt of this notice and must state with particularity the specific portions of this Report and Recommendation to which objection is made. Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).[1]

    Respectfully submitted,

BARBARA D. HOLMES
United States Magistrate Judge

---

[1] The fourteen day period for filing objections to this Report and Recommendation provides Plaintiff with yet another opportunity to show why the action should not be dismissed.